# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARIA D. HERNANDEZ and FERNANDO SALAZAR <br><br> v. <br><br> CARRINGTON MORTGAGE SERVICES, LLC, SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES INC., STANWICH MORTGAGE ACQUISITION COMPANY II LLC, and THE BANK OF NEW YORK MELLON TRUST COMPANY AS TRUSTEE OF PROTIUM MASTER GRANTOR TRUST | § § § § § § § § § § § § § § | CASE NO: 4:15-CV-596 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Stanwich Mortgage Acquisition Company II, LLC's Motion to Dismiss for Insufficiency of Process (Dkt. #41). The Court, having considered the relevant pleadings, finds that Stanwich Mortgage Acquisition Company II, LLC's motion should be granted.

## BACKGROUND

On September 4, 2013, Maria D. Hernandez and Fernando Salazar ("Plaintiffs") filed suit regarding a mortgage dispute against Carrington Mortgage Services, LLC and Servis One, Inc. d/b/a BSI Financial Services, Inc. in the 393rd Denton County District Court (Dkt. #5). On September 1, 2015, the matter was removed to this Court. On October 8, 2015, Plaintiffs filed an Amended Complaint alleging additional theories of liability and adding parties Stanwich Mortgage Acquisition Company II, LLC ("Stanwich") and The Bank of New York Mellon Trust Company as Trustee of the Protium Master Grantor Trust (Dkt. #17).

On April 21, 2016, Stanwich filed this motion to dismiss asserting that the case should be dismissed under Rule 12(b)(5) (Dkt. #41). On May 5, 2016, Plaintiffs filed a response (Dkt. #45).

**LEGAL STANDARD**

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Rules 12(b) (4) and 12(b)(5), respectively, provide defenses for insufficiency of process and insufficiency of service of process. FED. R. CIV. P. 12(b)(4),(5). In addition to constituting grounds for dismissal, insufficient process and insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Therefore, if a defendant here was not properly served with process, this Court cannot exercise jurisdiction over a defendant or this matter.

A defendant must raise an objection to the sufficiency of process or service in his answer or pre-answer motion. FED. R. CIV. P. 12(h)(1). If objections to service are not raised in the answer or pre-answer motion, they are waived. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995). Importantly, however, as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service. *See, e.g., McCarter v. Harris County*, No. H–04–4159, 2006 WL 1281087 *3 (S.D.Tex. May 5, 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit).

Stanwich seeks dismissal based on improper service. Federal Rule of Civil Procedure 4(c) places the burden on Plaintiffs to ensure that a defendant is properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Carribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In making this determination, the Court can look outside of the complaint to determine what steps, if any, a plaintiff took to effect service. *Morris v. Liberty Mut. Ins. Co.*, No. 08–4247, 2009 WL 1941203 *1 (E.D.La. July 7, 2009).

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R. CIV. P. 4. In addition to service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Thus, the Court here should look to both Texas and Federal law to see if service was proper, as Plaintiff could have effected service under either.

The Texas and Federal Rules of Civil Procedure both require a properly-executed summons (or the equivalent) to be served upon the defendant in order for process to be sufficient. FED. R. CIV. P. 4(c)(1); Tex. R. Civ. P. 106(a)(2). The Texas and Federal Rules of Civil Procedure also both require service to be made upon designated individuals who are authorized to accept service of process on behalf of the corporation. FED. R. CIV. P. 4(h)(1); Tex. Bus. Orgs. Code § 5.255. Under the federal rules, service of process upon a corporation must be made upon "an officer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Similarly, Texas allows service of process on a corporation's registered agent, president, or vice president. Tex. Bus. Orgs. Code §§ 5.201, 5.255(1).

**ANALYSIS**

On November 17, 2015, Plaintiffs' process server R. Hall attempted to serve Stanwich by completing a summons to "Mike 'Doe,' Legal Assistant" at Stanwich's address (Dkt. #41, Exhibit 1). The summons named "Vice President, Andrew Taffet or c/o Any officer" as the party to be served (Dkt. #27). Nothing in the pleadings indicate that Mike "Doe" is an officer, a managing or general agent, or any other agent authorized to receive service of process under federal law. Further, Mike "Doe" is not a registered agent, president, or vice president authorized to receive service of process under state law. Plaintiffs did not comply with either federal or state rules in attempting to serve Mike "Doe."

Plaintiffs' service was also deficient because they attempted to serve the incorrect party.[1] The actual holder of the note is Christiana Trust as Trustee for Stanwich Mortgage Loan Trust, Series 2012-10 (Dkt. #45, Exhibit 1). The entity that Plaintiffs attempted to serve, Stanwich Mortgage Acquisition Company II, LLC, transferred its interest in the note to the trust before Plaintiffs filed suit (Dkt. #41). The Court finds that Stanwich was the improper entity to be served.

Given the finding that service was not proper, this Court is now faced with whether dismissal is warranted. If a plaintiff has not effected proper service within ninety (90) days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. FED. R. CIV. P. 4(m); *See, e.g., Grant–Brooks v. Nationscredit Home Equity Servs.*, No. 3:01–CV–2327, 2002 WL 424566 *4–5 (N.D.Tex. Mar. 15, 2002) (quashing service of process but denying motion to dismiss because 120–day time period to serve

---

[1] Plaintiffs have filed a Motion for Leave to File Plaintiffs' Second Amended Complaint to address the issue of the incorrectly named Defendant (Dkt. #60). Although the Court is inclined to grant this request, the response to the motion has not been filed. The Court will issue an order once all pleadings have been considered.

defendant had not expired).[2] Here, more than ninety (90) days have passed since the filing of Plaintiffs' complaint, and service has apparently never been properly made. Since the proper party is not named, the Court dismisses Stanwich as a party to this action.

## CONCLUSION

It is therefore **ORDERED** that Stanwich Mortgage Acquisition Company II, LLC's Motion to Dismiss for Insufficiency of Process (Dkt. #41) is hereby **GRANTED** such that Stanwich Mortgage Acquisition Company II, LLC is dismissed as a party-defendant to this litigation.

**SIGNED this 7th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] The 2015 amendments to the Federal Rules of Civil Procedure reduced the presumptive time limit for serving a defendant from one hundred twenty (120) to ninety (90) days. FED. R. CIV. P. 4(m).