# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARIA D. HERNANDEZ, FERNANDO SALAZAR <br><br> v. <br><br> SERVIS ONE, INC., CARRINGTON MORTGAGE SERVICES, LLC, STANWICH MORTGAGE LOAN TRUST, SERIES 2012-10, C/O CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE | § § § § § § § § § § § § § § Civil Action No. 4:15-CV-596 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 25, 2017, the report of the Magistrate Judge (Dkt. #96) was entered containing proposed findings of fact and recommendations that Defendant Stanwich Mortgage Loan Trust, Series 2012-10's ("Defendant" or "Stanwich") Motion to Dismiss for Failure to State a Claim (Dkt. #91) be granted in part and denied in part. Having received the report of the Magistrate Judge (Dkt. #96), having considered each of Defendant's timely filed objections (Dkt. #102), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #96) as the findings and conclusions of the Court.

**RELEVANT BACKGROUND**

This suit relates to a mortgage loan obtained by Plaintiffs Maria D. Hernandez and Fernando Salazar ("Plaintiffs") on October 29, 2007, from Equifirst Corporation to purchase property located at 5904 Legend Lane, The Colony, Texas 75056 ("Property"). The underlying facts recited in the Report and Recommendation are pertinent and thus are restated herein.

Servis One, Inc. d/b/a BSI Financial Services, Inc. ("BSI") was the initial servicer of Plaintiffs' Loan, and serviced Plaintiffs' Loan from approximately July 2010 through October 2012. In or around May 2012, BSI believed Plaintiffs allowed their hazard insurance on the Property to lapse; accordingly, BSI force placed such insurance and thereafter added the insurance premiums to Plaintiffs' indebtedness. Plaintiffs allege they provided proof of insurance for all relevant times and continued to pay their regular monthly payments under the Loan; however, BSI began reporting "slow pays" on Plaintiffs' credit and charged Plaintiffs late fees and penalties because the Loan was in "default." In October 2012, Defendant Carrington Mortgage Services, LLC ("Carrington") began servicing the loan.[1]

On September 4, 2013, Plaintiffs filed suit against Carrington and BSI in the 393rd Denton County District Court, and the suit was subsequently removed to the Court. Following removal, Plaintiffs aver they discovered that the holders of Plaintiffs Note—Stanwich and The Bank of New York Mellon Trust Company National Association, As Grantor Trustee of the Protium Master Grantor Trust—also caused Plaintiffs damage. On October 8, 2015, Plaintiffs filed their First Amended Complaint, adding Stanwich Mortgage Acquisition Company II, LLC and The Bank of New York Mellon Trust Company National Association, As Grantor Trustee of the Protium Master Grantor Trust as defendants to the suit. Stanwich Mortgage Acquisition Company II, LLC was

---

[1] BSI later began to service the loan again, though the precise date is unknown.

improperly named and subsequently dismissed, but the Court granted Plaintiffs leave to amend their complaint to name the proper Stanwich party. On August 24, 2016, Plaintiffs filed their Second Amended Complaint naming Stanwich as a defendant. Stanwich, a New York common law trust, is the current holder of the Note and not a mortgage servicer. Plaintiffs allege that Stanwich engaged in wrongful conduct and had knowledge of its servicers'—namely Carrington's—wrongful conduct, and that this wrongful conduct "was done knowingly and intentionally, and with . . . complete disregard for Plaintiffs' rights."

On October 28, 2016, Stanwich moved to dismiss Plaintiffs' Second Amended Complaint, alleging Plaintiffs had failed to state a claim. On November 14, 2016, Plaintiffs filed their Response to Defendant Stanwich Mortgage Loan Trust's Motion to Dismiss for Failure to State a Claim. The Magistrate Judge entered a report and recommendation on January 25, 2017, recommending Defendant's Motion to Dismiss for Failure to State a Claim be granted in part and denied in part (Dkt. #96). Specifically, the Magistrate Judge found that Plaintiffs did not plead a Fair Credit Reporting Act claim, that Plaintiffs' Real Estate Settlement Procedures Act claim should be dismissed, and that Plaintiffs' breach of contract/specific performance, negligence, gross negligence, Texas Debt Collection Act, and injunctive relief claims should not be dismissed. On February 8, 2017, Defendant filed an objection to the Magistrate Judge's report and recommendation. On February 10, 2017, Plaintiffs filed a Response.

## ANALYSIS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes neither Party objects to the Magistrate Judge's findings regarding

Plaintiffs' breach of contract/specific performance, Texas Debt Collection Act, Real Estate Settlement Procedures Act, or injunctive relief claims. As such, and after de novo review of the record, the Court holds these findings are correct. The Court now turns to Defendant's objection, which centers solely on Plaintiffs' negligence claims.

Defendant objects to the Magistrate Judge's finding that Plaintiffs' negligence claims should not be dismissed, arguing "Plaintiffs' [negligence] claims against Stanwich [are] rooted in negligent credit reporting . . . [and] should have been dismissed" because the claims are preempted by the Fair Credit Reporting Act. Defendant asserts "Plaintiffs have not pled that any action taken by Stanwich relative to Stanwich's furnishing of credit information was furnished with malice or willful intent to injure." In response, Plaintiffs continue to assert that they do not plead any cause of action arising under the Fair Credit Reporting Act and that "Plaintiffs does [sic] not have a cause of action for negligent credit reporting." Notwithstanding, Plaintiffs agree with Stanwich that "negligent reporting claims" would be preempted by the FCRA had Plaintiffs failed to plead that Stanwich acted with malice or willful intent to injure them. Plaintiffs contend that here they pleaded sufficient facts to show their negligence claims are not preempted.

The FCRA contains two relevant preemption sections, 15 U.S.C. § 1681t(b)(1)(F) and 15 U.S.C. § 1681h(e). Section 1681t(b)(1)(F) broadly preempts state law claims by providing, "[n]o requirement or prohibition may be imposed under the law of any State—(1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b).[2] In contrast, section 1681h(e) preempts "any action or proceeding in the

---

[2] Stanwich argues that it is entitled to qualified immunity defense provided in 15 U.S.C. § 1681h(e), and does not appear to assert preemption under § 1681t(b)(1)(F). However, for the sake of completeness, the Court analyzes whether Plaintiff's negligence claims are preempted under § 1681t(b)(1)(F). Courts are divided on how to reconcile the broad preemption language of section 1681t(b)(1)(F) with the narrower language of section 1681h(e). Three

4

nature of defamation, invasion of privacy, or negligence . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Stanwich argues it "is entitled to the qualified immunity defense provided in 15 U.S.C. § 1681(h)(e)." The Fifth Circuit has consistently held that section 1681h(e) does not preempt state law causes of action against furnishers that are premised on the furnishment of false information with malice or willful intent. *E.g.*, *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471-72 (5th Cir. 2006); *Hamaker v. Chase Manhattan Mortg. Corp.*, No. 4:12-CV-773, 2013 WL 1195886, at *2 (E.D. Tex. Jan. 30, 2013), *report and recommendation adopted*, No. 4:12-CV-773, 2013 WL 1196570 (E.D. Tex. Mar. 22, 2013). Although the FCRA does not define malice, the Fifth Circuit has previously applied the common-law standard for malice when both parties agreed to such application. *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir. 2001) (requiring the plaintiff to show that "the defendant when he published the words—(1) either knew they were false, or (2) published them in reckless disregard of whether they were true or not"). The Court applies such standard herein. To define the "willful" exception, Plaintiffs rely on *Rivera v. Countrywide Financial Corp.*, No. 1:04CV103, 2006 WL 2431391, at *4 (S.D. Miss. Aug. 21, 2006), an FCRA case in which the court stated

---

predominant approaches have emerged in the case law: (1) the "total preemption" approach; (2) the "temporal" approach; and (3) the "statutory" approach. Stanwich cites *Aklagi v. NationsCredit Financial*, 196 F. Supp. 2d 1186, 1195 (D. Kan. 2002), in support of its preemption discussion. The *Aklagi* court followed the "temporal" approach, applying the categorical bar within § 1681t(b)(1)(F) only to those claims that arise after a furnisher of credit information receives notice of a dispute, and applies section 1681h(e) to those state law claims arising before notice. *Aklagi* is not persuasive; instead, the Court uses the "statutory approach"—construing § 1681t(b)(1)(F) narrowly to preempt only those claims arising under state statutory law, and recognizes § 1681h(e) as a federal defense to those state common-law claims not alleged, or proved, to be the product of malice or willful intent. *See Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (finding § 1681t(b)(1)(F) preempted claim arising under Texas Debt Collection Act); *see also Thelander v. Equifax Info. Servs. LLC*, No. 3:14-CV-2650-P, 2014 WL 12596971, at *5 (N.D. Tex. Dec. 18, 2014) ("[B]ecause section 1681t(b)(1)(F) does not apply to common law claims, Plaintiff's common law defamation claim survives preemption of section 1681h(e) so long as Plaintiff can establish malice."). Because Plaintiff's negligence claims are rooted in common law and not statutory law, § 1681t(b)(1)(F) does not preempt Plaintiff's negligence claims. To the extent Defendant objects on the grounds that § 1681t(b)(1)(F) preempts Plaintiff's negligence claims, such objection is overruled.

"[t]he term 'willful' in this context has been interpreted to require that a defendant knowingly and intentionally commit an act in conscious disregard to the rights of others."

Plaintiffs' Second Amended Complaint specifically alleges that "Defendants' conduct and negligence was done knowingly and intentionally, and with such complete disregard for Plaintiffs' rights," and that "Defendants were repeatedly given the proof, documents, and opportunities to correct their reporting of Plaintiffs' Loan, to correct with the credit bureaus the wrongful reporting, and to date, Defendants continue to negatively report Plaintiffs to the credit bureaus." These facts, if true (which the Court must assume at this stage), would be sufficient to support a finding of "willful" intent. *See Rivera*, 2006 WL 2431391, at *4 (denying summary judgment as to plaintiff's claims of defamation, intentional infliction of emotional distress, and invasion of privacy when consideration of the evidence could have lead to a finding of malice). Since Plaintiffs allege "willful" intent on the face of their Second Amended Complaint, their negligence claims should not be found preempted by § 1681h(e) at this time, and thus should survive Defendants' Motion to Dismiss. Accordingly, Stanwich's sole objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Defendant's timely filed objections (Dkt. #102), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #96) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. #91) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' RESPA claims should be dismissed.

**IT IS SO ORDERED.**

SIGNED this 20th day of June, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE